IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MICHAEL T. WASHINGTON, | § | |
| | § | No. 264, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 0909018475 A/B (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted:  August 9, 2023
Decided:    August 14, 2023

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the notice to show cause, the appellant's response, the

appellant's motion for a stay or remand, and the Superior Court docket, it appears to

the Court that:

(1)    In November 2010, a Superior Court jury convicted the appellant,

Michael T. Washington, of two counts of manslaughter and two counts of possession

of a firearm during the commission of a felony. Following a bench trial, Washington

was also found guilty of possession of a deadly weapon by a person prohibited. In

February 2011, the Superior Court sentenced Washington to an aggregate sixty-four

years of incarceration followed by decreasing levels of supervision. We affirmed

Washington's convictions and sentence on appeal.[1]  Since 2012, Washington has filed three unsuccessful motions for postconviction relief[2] and an unsuccessful petition for a writ of habeas corpus.[3]

(2)     On May 25, 2023, Washington filed in the Superior Court a motion to compel the various lawyers who have represented him in connection with his trial and appeals (specifically, Patrick Collins, Esquire; Anthony Figliola Jr., Esquire; Stephanie Volturo, Esquire; and Andrew Witherell, Esquire) to turn over to him any documentation they have in their possession related to Washington's case so that he may prepare and file a motion for postconviction relief.  After soliciting counsel's positions on the motion and noting that counsel had largely (if not completely) fulfilled their obligations to Washington, the Superior Court concluded that the motion concerned an attorney/client dispute in which the court need not intervene and denied the motion (the "Order").

(3)     On July 28, 2023, Washington appealed the Order.  The Senior Court Clerk issued a notice directing Washington to show cause why this appeal should not be dismissed based upon this Court's lack of jurisdiction to hear an interlocutory

---

[1] *Washington v. State*, 2011 WL 4908250 (Del. Oct. 14, 2011).
[2] *See Washington v. State*, 2017 WL 1573119 (Del. Apr. 28, 2017) (affirming the denial of Washington's first motion for postconviction relief); *Washington v. State*, 2022 WL 1041267 (Del. Apr. 7, 2022) (affirming the denial of Washington's second motion for postconviction relief); *Washington v. State*, 2022 WL 4088664 (Del. Sept. 6, 2022) (affirming the denial of Washington's third motion for postconviction relief).
[3] *Washington v. May*, 2022 WL 4598510 (D. Del. Sept. 30, 2022).

appeal in a criminal matter. In his response to the notice to show cause, Washington argues, among other things, that (i) counsel (Mr. Collins, specifically) is providing ineffective assistance of counsel and violating the rules of professional responsibility by failing to turn over Washington's complete file to him, and (ii) the Superior Court erred when it denied Washington's motion to compel. Washington has also filed a motion to stay or remand this matter to the Superior Court so that the Superior Court can rule on his motion for reconsideration of the Order.[4]

(4) Under the Delaware Constitution, only a final judgment may be reviewed by the Court in a criminal case.[5] The Superior Court's order denying Washington's motion to compel the production of documents so that he may file a motion for postconviction relief is an interlocutory order. To the extent that Washington believes counsel's action (or inaction) violates the Delaware Rules of Professional Conduct, his proper recourse is to file a complaint with the Office of Disciplinary Counsel. To the extent that Washington seeks documents in anticipation of filing a motion for postconviction relief, if Washington is unsuccessful on the merits of any such motion, he may then appeal to this Court for a review of that final judgment as well as any interlocutory rulings of the Superior

---

[4] Because Washington had filed a notice of appeal with this Court, the Superior Court correctly observed that it lacked jurisdiction to consider the merits of the motion for reconsideration.
[5] Del. Const. art. IV, § 11(1)(b).

Court.  At this time, however, the Court lacks jurisdiction to consider Washington's interlocutory appeal.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.  The appellant's motion for a stay or remand is MOOT.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice